### BOHLAND v. SMITH et al.
### No. 712-D.

District Court, E. D. Illinois.
April 18, 1947.

See also 7 F.R.D. 364.

Ralph Swanson, of Danville, Ill., for plaintiff.

John A. Appleman, of Urbana, Ill., for defendants.

LINDLEY, District Judge.

The averments of the complaint against the two defendants are in the alternative. There is no direct averment that both defendants or each defendant committed the acts complained of. For this reason the complaint is insufficient.

Defendants contend also that the complaint must negative the fact that any action has been begun by the United States. I do not so understand the law. Section 205(e), Emergency Price Control Act, 50 U.S.C.A. Appendix, § 925(e), provides that a person who buys a commodity for use other than in the course of trade or business may, within one year from the date of the occurrence of the violation, bring an action against the seller. The complaint avers that the violation occurred on or about July 28, 1946; the suit was filed February 5, 1947. Consequently, on its face, the complaint is sufficient in this respect.

Defendants rightfully insist further that, under the same section, in case the buyer does not bring suit within 30 days, the Administrator may institute such suit in behalf of the United States and that after such suit is instituted by the Administrator, the buyer is barred from bringing an action. But I do not think it follows that there is any necessity of plaintiff negativing these conditions. On the face of the complaint there is no showing that the Administrator has begun any action on behalf of the United States to recover damages. A crimi-

nal charge is not within the language of the section covering suits in behalf of the United States.

The motion to dismiss is allowed because of the failure to aver directly a violation by each defendant. It is overruled on all other grounds. Plaintiff may have 10 days within which to amend the complaint in the respect mentioned.